UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY POXSON,

        Plaintiff,

                                        Case No. 11-15503
vs.                                      HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

ORDER ACCEPTING REPORT AND RECOMMENDATION (DOC. #13),
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #9),
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT(DOC. #12)
AND DISMISSING ACTION

INTRODUCTION

     Before the court is Magistrate Judge Laurie Michelson's report and recommendation concerning the parties' cross-motions for summary judgment. Finding that substantial evidence supported the Administrative Law Judge's determination concerning plaintiff's credibility, the magistrate judge recommended that this court deny plaintiff's motion for summary judgment and grant defendant's motion for summary judgment. The magistrate judge specifically stated that any objections to her report must be filed within 14 days of service, and that failure to file such objections constituted a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). Plaintiff filed a brief statement of objections to that report. Because the court is convinced that substantial evidence supported the ALJ's decision, the magistrate

judge's report and recommendation will be adopted and the plaintiff's objections will be overruled as set forth below.

## DISCUSSION

Plaintiff Tracy Poxson applied for both Social Security Disability benefits and Supplemental Security Income in September 2008. In those applications, plaintiff alleged a disability date of April 30, 2006. After the claims were denied by the agency, plaintiff requested a hearing before an administrative law judge (ALJ). That hearing was held December 15, 2010, following which plaintiff was given the opportunity to produce additional medical evidence. After plaintiff's submission of that evidence, the ALJ issued his decision finding that plaintiff was not disabled under the Social Security Act and denying both applications for benefits.

The court will not reiterate all of the factual background in its decision, but will address the background pertinent to plaintiff's objections. Plaintiff's first objection to the report and recommendation complains that the magistrate judge described consultative examiner Dr. Horner's report as "ambiguous," where the examiner concluded that the plaintiff's "depression *may* cause her to miss work" (emphasis added). Plaintiff asserts that the medical evidence in the record supports that determination, and that such evidence was not considered by either the magistrate judge or the ALJ.

This objection lacks merit. The remark by Dr. Horner *was* ambiguous. In fact, just prior to addressing this statement of Dr. Horner's, the ALJ considered Horner's statement that "claimant had *moderate* limitations in her ability to respond appropriately to work pressures in a usual work setting and only *slight to moderate* limitations in her

ability to respond appropriately to changes in a routine work setting" (emphasis added). (A.R. at 561.) Furthermore, Dr. Horner's speculative statement about the possibility of missing work did not give any opinion as to probability or frequency, as the defendant pointed out in its motion for summary judgment.

Plaintiff's next objection to the report and recommendation addresses her mental impairments. She cites the need for an escort from a mental health facility, a report that she had "poor insight" and "questionable" judgment, and reiterates Dr. Horner's statement that she "may" miss work due to depression. Additionally, plaintiff asserts that both the ALJ and magistrate judge largely attributed her mental health treatment to problems with her boyfriend, and contends that she has "life stressors" beyond these relationship problems.

As the magistrate judge discusses, in the ALJ's consideration of plaintiff's mental issues, he considered medical evidence as well as life and leisure activities. Ultimately, the ALJ determined that "the evidence as a whole does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple and routine in nature, as depicted in the residual functional capacity adopted." (A.R. at 20.) Upon a careful review of the record and briefing, this court agrees. The magistrate judge correctly notes that plaintiff's arguments "present a different view of the evidence," and that while a "more limited residual functional capacity assessment might also be supported by the record evidence," this is not the appropriate test. See McClanahan v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006) (court may not reverse the Commissioner's

decision where it merely disagrees or for the reason that substantial evidence would also support a different conclusion).

The third objection made by plaintiff addresses her physical issues. Plaintiff points to instances where she reported complaints of pain and was diagnosed with cervical radiculitis, a bulging disc requiring fusion surgery, and chronic back pain. She asserts that only selective portions of the medical exhibits were considered and resulted in a "tainted decision."

As with the mental impairments, the court agrees with the magistrate judge that the plaintiff's "objection" is really her disagreement with the ALJ's assessment of the evidence. While the court does not downplay the real physical issues plaintiff describes--and has documented--it is not convinced that substantial evidence was lacking for the ALJ's conclusion that plaintiff met a "light work" (with further limitations) residual functional capacity assessment.

## CONCLUSION

The court has carefully reviewed the ALJ's decision as well as the magistrate judge's report and recommendation in this matter. The magistrate judge conducted an exhaustive review of plaintiff's arguments and concluded that they did not provide a basis for reversing the ALJ's decision. The court is in agreement and, accordingly, accepts the magistrate judge's recommendation. Therefore,

**IT IS ORDERED** that the magistrate judge's report and recommendation is accepted as the findings and conclusions of this court.

**IT IS FURTHER ORDERED** that defendant's motion for summary judgment is **GRANTED** and plaintiff's motion for summary judgment is **DENIED** for the reasons well-developed in the magistrate judge's report and recommendation.

**IT IS SO ORDERED**.

Dated: March 5, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 5, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---